IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, as assignee of Illinois Community College Risk Management Consortium,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>   Defendant. | Case No. 1:22-cv-03765<br>District Judge Thomas M. Durkin<br>Magistrate Judge Maria Valdez |

**STATE FARM FIRE AND CASUALTY COMPANY'S**
**RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

  Defendant State Farm Fire and Casualty Company ("State Farm"), hereby moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In support of this motion, State Farm states as follows:

  1. This case presents a straightforward, legal issue that is ripe for determination on the pleadings: whether excess insurer State Farm is required to contribute to the defense of its insured Katherine Hamilton in a suit arising out of allegedly defamatory statements that she made while serving as chairman of the Board of Trustees (the "Board") of Community College District No. 502, DuPage County, Illinois (the "College of DuPage"), when a primary insurer has assumed the defense and all of the alleged claims are "potentially within" the scope of that insurer's policy.

  2. For the last seven years, Hamilton's defense has been paid for by the Illinois Community College Risk Management Consortium ("ICCRMC"), pursuant to an insurance policy it issued to the College of DuPage.

3. The ICCRMC Policy covers costs arising from claims of employment-related defamation asserted against board members, like those asserted against Hamilton in the underlying lawsuit.

4. Nevertheless, Plaintiff Great American Insurance Company ("Great American"), as assignee of ICCRMC, asserts that State Farm should contribute to the costs ICCRMC has paid to defend Hamilton pursuant to a Personal Liability Umbrella Policy that State Farm issued to Hamilton.

5. Under Illinois law, the primary insurer, not the excess, has the duty to defend. The primary's duty to defend (which is broader than the duty to indemnify) is triggered at the outset of litigation if there is any possibility that the claims asserted against the insured will be covered by the primary policy.

6. Because the underlying complaint against Hamilton asserted claims that are potentially covered by the ICCRMC Policy, ICCRMC was the primary insurer, and ICCRMC was obligated to defend all claims asserted against Hamilton.

7. In contrast, State Farm's Umbrella Policy only applies in excess over all other insurance and self-insurance. Because State Farm's Umbrella Policy is excess to the ICCRMC Policy, State Farm's duty to defend Hamilton was not triggered.

8. For these reasons and the reasons further stated in State Farm's accompanying Memorandum in Support, judgment on the pleadings should be granted to State Farm.

WHEREFORE, State Farm respectfully requests that the Court grant judgment in its favor pursuant to Fed. R. Civ. P. 12(c).

Dated: November 14, 2022       Respectfully submitted,

/s/*Jacob L. Kahn*
Jacob L. Kahn
Lucas T. Rael
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
jkahn@rshc-law.com
lrael@rshc-law.com

*Counsel for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on November 14, 2022, he caused the foregoing document to be served on all attorneys of record via the Court's ECF/electronic mailing system.

                                            */s/ Jacob L. Kahn*

                                            *Counsel for State Farm Fire and Casualty Company*